# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| CYNTHIA HAMDIN,                    ) | |
|                                                       ) | |
|         Plaintiff,                           ) | |
|                                                       ) | |
| v.                                                ) | Cause No.: 3:20-cv-00724 |
|                                                       ) | |
| WAL-MART STORES EAST, LP d/b/a  ) | |
| WALMART SUPERCENTER,       ) | |
|                                                       ) | |
|         Defendant.                        ) | |

## NOTICE AND PETITION FOR REMOVAL

COMES NOW Defendant, Wal-Mart Stores East, LP, d/b/a Walmart Supercenter, by counsel, pursuant to Title 28, United States Code, Section 1446, and respectfully petition the Court as follows:

1. On April 2, 2020, Plaintiff filed a civil action in the Kosciusko County Superior Court, Cause No. 43D04-2004-CT-000032, originally captioned *Cynthia Hamdin v. Walmart Supercenter.* Plaintiff's Complaint alleges generally that Cynthia Hamdin sustained personal injuries at a Wal-Mart store on or about April 19, 2019, due to the negligence of the Defendant.

2. The originally named Defendant, Walmart Supercenter, is not a legal entity. Wal-Mart Stores East, LP, doing business as Walmart Supercenter, operated and controlled the store where the alleged incident occurred and is the proper Defendant in this matter.

3. The Complaint and Summons were served on the Defendant on or about April 6, 2020. A true and accurate copy of the Complaint and Summons are attached hereto as Exhibits "A" and "B" respectively.

4. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and is one which may be removed to this

2583848

Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that jurisdiction of this action exists in this court by reason of diversity of citizenship. More specifically, the Plaintiff is a resident and citizen of Kosciusko County, Indiana. Defendant, Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership, of which WSE Management LLC, a Delaware Limited Liability Company, is the general partner, and WSE Investment, LLC, a Delaware Limited Liability Company, is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas Limited Liability Holding Company with its principal place of business located in the State of Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC.  Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business located in the State of Arkansas.

5. The Defendant has filed a Notice of Filing Petition for Removal contemporaneously herewith in the Kosciusko County Superior Court.

6. The Plaintiff's Complaint in this matter alleges that Plaintiff Cynthia Hamdin sustained injuries but is unclear as to the extent of her damages and the anticipated amount of her claim. *See* Indiana Trial Rule 8(A)(2) (prohibiting plaintiffs from designating the amount in controversy in a personal injury suit); *see also Hostetler v. Johnson Controls, Inc.*, No. 3:15-CV-226 JD, 2016 U.S. Dist. LEXIS 89278, at *11 (N.D. Ind. July 11, 2016) ("[A] complaint or other documents from the plaintiff that does not explicitly convey the removability of a case does not trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3).").

7. The Defendant served written discovery upon the Plaintiff on May 12, 2020. The Defendant was served with the Plaintiff's discovery responses by U.S. Mail on August 5, 2020. A true and accurate copy of the Plaintiff's Response to Defendant's First Set of Interrogatories is attached hereto as Exhibit "C."

8. The Defendant had no reason initially to think that the amount in controversy in

this case exceeded $75,000.00.

9. The Defendant first learned that the amount in controversy in this case exceeds $75,000.00 through Plaintiff's Responses to Defendant's Interrogatories Numbers 1 and 8 through 11. In particular, Plaintiff has provided medical bills and expenses that she claims are related to this incident exceeding $20,000.00 to date. Additionally, Plaintiff alleges that she is continuing to treat for injuries related to this incident, including a pinched nerve inside in spine, neuropathy in her right leg, and constant and ongoing pain in both knees. Plaintiff alleges that she will need to undergo future surgery to treat for her injuries related to this incident. Plaintiff further alleges constant and long-term pain requiring pain management treatment into the indefinite future incurring substantial costs for that care. (Pl.'s Resp. to Def.'s First Set of Interrog. Nos. 1, 5, 8–11, Ex. C.)

10. Hamdin's claim for damages for non-economic harm, including physical pain and suffering and the interference with her daily activities and life, demonstrate that she is placing more than her actual medical bills into controversy. Indeed, it appears that Hamdin is asserting a claim that she sustained permanent injuries as a result of this accident that will last her lifetime. Although these non-economic harms do not have an assigned value, this Court has previously found in similar matters that a defendant satisfied the good faith estimate standard when a plaintiff's complaint puts more than the value of her actual medical bills in controversy by alleging pain and suffering and other non-economic harms. *See, e.g.*, *Murphy v. Baker*, No. 1:14-cv-375-JVB-RBC, 2015 U.S. Dist. LEXIS 22270, at *4 (N.D. Ind. Feb. 24, 2015) (noting pain, suffering, and lost time are relevant factors in consideration of good faith estimate that damages will exceed $75,000); *Bunch v. Wal-Mart*, No. 1:09-CV-071, 2009 U.S. Dist. LEXIS 34019, at *10 (N.D. Ind. Apr. 20, 2009) (finding no legal certainty that plaintiff's claim was for less than $75,000 to overcome defendant's good faith estimate, although plaintiff's claim of medical

bills/special damages totaled only $15,847.84, especially considering claim for future pain and suffering); *see also Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 429 (7th Cir. 1997) (finding that a settlement offer below the jurisdictional amount is not persuasive evidence that the jurisdictional amount was not met when plaintiff's complaint puts more than the value of her actual medical bills in controversy).

11. In *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006), the Seventh Circuit considered whether the jurisdictional amount was satisfied in a slip-and-fall case where the plaintiff's medical expenses and lost earnings amounted to $45,000 and determined that "a modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold." *Id.* at 815 (finding good faith estimate for amount in controversy satisfied). In *Linck v. Tayler*, No. 2:11-cv-245, 2012 U.S. Dist. LEXIS 17537 (N.D. Ind. Feb. 10, 2012), this Court considered whether claims for pain and suffering could meet the jurisdictional floor for the amount in controversy when the plaintiffs' medical bills were less than $10,000. The Court noted that "while the plaintiff in *Rising-Moore* only needed another $30,000—'a modest allowance for pain, suffering, and future losses'—to hit the minimum amount, each of the [plaintiffs] would need . . . more than $70,000 in additional damages to hit the jurisdictional floor." *Id.* at *11. Notwithstanding, the Court held that the jurisdictional amount in controversy was satisfied in light of the plaintiffs' claims for pain and suffering, including post-traumatic stress disorder. *Id.* at *11–13 (distinguishing this case from *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 841 (7th Cir. 2009), where plaintiffs' claims for tens-of-thousands of dollars in emotional damages were simply incredible under the circumstances when they stumbled after an escalator jerked).

12. Hamdin's claim for relief, the medical bills incurred to date, and the anticipated future medical bills are sufficient to establish a good faith estimate of future costs sufficient to

meet the amount in controversy.

13. Defendant has provided a good faith estimate of the stakes at issue in this case and that the amount in controversy exceeds $75,000.00, satisfying the requirements of diversity jurisdiction. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." (citation omitted)).

14. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Delbovo v. Speedway, LLC*, No. 2:16-cv-481, 2017 U.S. Dist. LEXIS 47601, at *3 (N.D. Ind. Mar. 30, 2017) (quoting § 1446(b)(2)).

15. The Defendant's Notice of Removal is timely, as it has been filed within the thirty (30) days after receipt of the Plaintiffs' discovery responses. *See Hostetler v. Johnson Controls, Inc.*, No. 3:15-CV-226 JD, 2016 U.S. Dist. LEXIS 89278, at *13 (N.D. Ind. July 11, 2016) ("The removal clock can only be triggered by the plaintiff's service of a complaint or other paper facially revealing the amount-in-controversy.").

16. Copies of all pleadings and orders filed in State Court are attached.

WHEREFORE, Defendant prays that the action above now pending against it in the Kosciusko County Superior Court, be removed therefrom to this Court forthwith, and for all other just and proper relief in the premises.

Respectfully submitted,

BARRETT McNAGNY LLP

By:   /s/ Robert T. Keen, Jr.
      Robert T. Keen, Jr., #5475-02
      215 E. Berry Street
      Fort Wayne, Indiana 46801-2263
      Telephone: (260) 423-9551
      Fax: (260) 423-8920
      Email: rtk@barrettlaw.com
      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26th day of August, 2020, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Isaiah Phillip Vanderpool
Vanderpool Law Firm, PC
1810 E. Center Street
Warsaw, IN 46581
*Attorney for Plaintiff*

      /s/Robert T. Keen, Jr.
      Robert T. Keen, Jr.

27014175        6